IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KIRBY L. BACA,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF RIO RANCHO, RIO RANCHO DEPARTMENT OF PUBLIC SAFETY, OFFICER R. ALDERETE, SOUTHWEST VELODROME ASSOCIATION,<br><br>    Defendants. | No. CIV 00-1663 PK/WWD |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants', City of Rio Rancho, Rio Rancho Department of Public Safety, and Officer R. Alderete ("Rio Rancho Defendants") Motion for Protective Order Staying Discovery Until the Court Rules on Rio Rancho Defendants' Dispositive Motions filed April 13, 2001 (Doc. 12), the Rio Rancho Defendants' Motion to Dismiss No. I: Baca's Lanham Act Claim, Section 1983 Claims against the Rio Rancho Department of Public Safety, State Law Perjury, Invasion of Privacy, Entrapment, Conspiracy, Stalking, and Intimidation Claims filed April 13, 2001 (Doc. 16), and the Rio Rancho Defendants' Motion for Partial Summary Judgment No. I: Dismissal of Baca's Malicious Abuse of Process, Fourteenth Amendment <u>Brady</u>, Sixth Amendment,

and Conspiracy Claims Based on the Bar Imposed by <u>Heck v. Humphrey</u> filed April 13, 2001 (Doc. 14).  Upon consideration whereof,

(1) Plaintiff Kirby Baca received a traffic citation for failing to obey a traffic control device in violation of a municipal ordinance (§ 12-5-3 of the Rio Rancho Revised Ordinances).  According to the citation, Plaintiff disregarded orange cones diverting traffic from a road that was closed for bicycle races co-sponsored by Defendant City of Rio Rancho and Defendant Southwest Velodrome Association.[1]  He pled not guilty in municipal court, but was found guilty and fined $42.00.  He appealed to state district court, which held a trial de novo.  The state district court found him guilty and remanded the matter to the municipal court for imposition of a $25.00 fine and $22.00 in court costs.

(2) Plaintiff's complaint raises a variety of federal and state law claims. Pursuant to the Lanham Act, Plaintiff claims that false and misleading information was placed on his citation because he later learned that a flyer advertising the bicycle race indicated that "ROADS WILL BE OPEN TO

---

[1] It does not appear that Southwest Velodrome Association has been served or voluntarily appeared.  Fed. R. Civ. P. 4(m) provides that service should be made within 120 days after the filing of the complaint; thereafter, the district court may dismiss the action without prejudice as against an unserved defendant on its own initiative after notice to the Plaintiff.  <u>Scott v. Hern</u>, 216 F.3d 897, 912 (10th Cir. 2000).  Given this patently meritless action, the court will enter a judgment dismissing all claims against Defendant Southwest Velodrome Association without prejudice within ten days from the date of entry of this Memorandum Opinion and Order.

TRAFFIC." He also claims that the officer issuing him the citation gave false courtroom testimony (Count I); that his privacy was invaded when the Rio Rancho Department of Public Safety made a call to his unlisted and unpublished number (Count II); that the Defendants are liable for stalking, intimidation, entrapment, and conspiracy arising from events leading to the citation (Count III).

(3) In considering the motion to dismiss, the court has given this pro se complaint its mandated liberal construction and then evaluated it in accordance with the standards in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In evaluating the partial summary judgment motion, the court has applied Fed. R. Civ. P. 56 and the standards set forth in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A defendant may move for summary judgment at any time. Fed. R. Civ. P. 56(b). Though Plaintiff suggests that discovery is necessary, see Docs. 21 & 22, he has not provided the court with a Fed. R. Civ. P. 56(f) affidavit. See Price ex rel. Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000) (discussing Rule 56(f) requirements).

(4) Defendants raise the defense of qualified immunity to the Lanham Act claim. See Wilson v. Layne, 526 U.S. 603, 609 (1999). Because Mr. Baca's Lanham Act claim must be dismissed for failure to state a claim, qualified immunity is warranted. Mr. Baca merely alleges that the information stated on the citation issued by Defendant Alderete was false and misleading because a

flyer for the event indicated that roads would be open. A false advertising claim under the Lanham Act requires a "false or misleading representation of fact" in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). There are no facts alleged suggesting that the language on a citation issued to a motorist constitutes "commercial advertising or promotion." To qualify as commercial advertising or promotion, the representation must be (1) commercial speech, (2) by a defendant in commercial competition with the plaintiff, (3) for the purpose of influencing consumers to buy a defendant's goods or services, and (4) sufficient dissemination of the representation to the relevant purchasing public to constitute advertising or promotion within the pertinent industry. Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1273 (10th Cir. 2000). Though Plaintiff argues that law enforcement is a business with the objective of generating revenue for the City of Rio Rancho, no facts suggest that the citation was commercial speech disseminated as advertising or promotion, let alone commercial competition involving the **sale** of products or services. Issuing traffic citations pursuant to police power simply does not involve commercial competition with any products or services provided by the Plaintiff.

(4) It appears that Plaintiff is seeking review of his state court conviction via § 1983. Federal courts do not review state court judgments under § 1983, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983), and although a conviction may be challenged as violative of the

Constitution, treaties, or laws of the United States in a habeas corpus petition, habeas is available only where the petitioner is in custody.  See 28 U.S.C. §§ 2241(c)(1); 2254(a), (b)(1).  Plaintiff is not in custody and the fine and court costs assessed against him do not meet the "in custody" requirement.  See Spring v. Caldwell, 692 F.2d 994, 996 (5th Cir. 1982) (§ 2254); see also United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995) (§ 2255); United States v. Segler, 37 F.3d 1131, 1137 (5th Cir. 1994) (same);

(5)  Defendant Alderete is entitled to absolute immunity insofar as Plaintiff seeks damages based upon Officer Alderete's in-court testimony and drawings.  Briscoe v. LaHue, 460 U.S. 325, 342-46 (1983).  To the extent Plaintiff raises other federal claims seeking damages pertaining to the investigation and prosecution of his case, a judgment in his favor would necessarily imply the invalidity of his conviction by the state district court.  Accordingly, he cannot recover declaratory relief or damages under § 1983 on these claims.  Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

(6) The court declines to exercise supplemental jurisdiction over the state law claims (Counts II and III) given that the federal claims will be dismissed.  28 U.S.C. § 1367(c)(3).  The state claims will be dismissed without prejudice.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendants, City of Rio Rancho, Rio Rancho Department of Public Safety, and

Officer R. Alderete ("Rio Rancho Defendants") Motion for Protective Order Staying Discovery Until the Court Rules on Rio Rancho Defendants' Dispositive Motions filed April 13, 2001 (Doc. 12), is denied as moot.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Rio Rancho Defendants' Motion to Dismiss No. I: Baca's Lanham Act Claim, Section 1983 Claims against the Rio Rancho Department of Public Safety, State Law Perjury, Invasion of Privacy, Entrapment, Conspiracy, Stalking, and Intimidation Claims filed April 13, 2001 (Doc. 16), is granted insofar as the Lanham Act Claims will be dismissed. It is unnecessary to consider whether the Rio Rancho Department of Public Safety is a proper § 1983 Defendant. All state law claims against the Rio Rancho Defendants are dismissed without prejudice.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Rio Rancho Defendants' Motion for Partial Summary Judgment No. I: Dismissal of Baca's Malicious Abuse of Process, Fourteenth Amendment <u>Brady</u>, Sixth Amendment, and Conspiracy Claims Based on the Bar Imposed by <u>Heck v. Humphrey</u> filed April 13, 2001 (Doc. 14), is granted.

DATED this <u>31st</u> day of May 2001, at Salt Lake City, Utah.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Kirby L. Baca, pro se.

Luis Robles, French & Associates, P.C., Albuquerque, New Mexico, for the Rio Rancho Defendants.